UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| GABRIEL MYRTHIL(A087 398-722) | CIVIL ACTION NO. 11-CV-0598"P" |
| VERSUS | JUDGE DOHERTY |
| WARDEN VIATOR, ET AL | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Pending before this Court is the respondents' motion to dismiss the *habeas corpus* petition filed by Gabriel Myrthil.  (Rec. Doc. 10).  This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  For the following reasons, it is recommended that the motion be GRANTED.

### ANALYSIS

On April 11, 2011, Gabriel Myrthil initiated this lawsuit, filing a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241.  (Rec. Doc. 1).  In his petition, Myrthil alleged that he was a native and citizen of Haiti, who had been detained at the South Louisiana Correctional Center in Basile, Louisiana, in the custody of the United States Immigration and Customs Enforcement ("ICE") since October 13, 2010. (Rec. Doc. 1 at 5.)  He further alleged that, on October 27, 2010, an immigration judge ordered him removed from the United States and returned to Haiti because he was

convicted of a crime that constituted a removal offense. He alleged that the final order of removal was issued on October 27, 2010. (Rec. Doc. 1 at 5).

Myrthil argues that, under *Zadvydas v. Davis*, 533 U.S. 678, 702 (2001), six months is the presumptively reasonable time period during which ICE may detain aliens in order to effectuate their removal. He further argues that the presumptively reasonable time period has elapsed. He argues that his continued detention beyond the presumptively reasonable six month time period constitutes a statutory violation, a substantive due process violation, and a procedural due process violation. Myrthil prayed that a writ of *habeas corpus* be issued directing that he be released from custody.

On May 16, 2011, the undersigned ordered Myrthil's petition served on the government and further ordered the government to answer the petition and inform the undersigned whether there was a significant likelihood of removal in the reasonably foreseeable future or whether Myrthil's detention is otherwise lawful. (Rec. Doc. 2). On June 9, 2011, the government responded to Myrthil's petition (Rec. Doc. 8), advising that the temporary suspension of removal of Haitians following the January 12, 2010 earthquake in Haiti had been lifted and that it was reasonable to expect Mythil could be removed to Haiti in the reasonably foreseeable future. Myrthil submitted a detailed response to the government's position on June 24, 2011. [Rec.

Doc. 9]

In fact, Myrthil was released on November 8, 2011, pursuant to an Order of Supervision. [Rec. Doc. 10-2]

Under 28 U.S.C. § 2241, federal courts have jurisdiction to issue writs of *habeas corpus* to persons "in custody in violation of the Constitution or laws or treaties of the United States...." Myrthil was detained when his petition was filed and, therefore, the "in custody" requirement for *habeas* review was satisfied. After his petition was filed, however, Myrthil was released from custody. (Rec. Doc. 10-2). While custody remains an essential element of *habeas corpus* relief, jurisprudence does not require that a person be physically confined in order to challenged his confinement on a *habeas* petition. *Maleng v. Cook*, 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540(1989); *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554(1968). However, in immigration matters when a petitioner seeks to be released from detention, his custody status is the only issue for determination with regard to such claim, and his release prior to disposition of the case suggests that the petition is without merit or alternatively is moot. The undersigned finds no collateral consequences that result solely from Gabriel Myrthil's detention that preclude dismissal of this action per *Maleng* and *Carafas*, supra. The petitioner's claim that he is detained in violation of law is now without merit and should be

denied/dismissed as moot.

### *Recommendation*

Therefore, the undersigned recommends that the government's motion to dismiss (Rec. Doc. 10) be GRANTED, and that Myrthil's petition for writ of *habeas corpus* (Rec. Doc. 1) be DISMISSED, WITHOUT PREJUDICE, as moot.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this report and recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d

1415 (5th Cir. 1996).

      Signed at Lafayette, Louisiana, this 13th day of January, 2012.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)